```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MICHAEL BURKE,

                          Plaintiff,           06-CV-6146T

              v.                               **DECISION**
                                               **and ORDER**
JO ANNE B. BARNHART, Commissioner
of Social Security

                          Defendant.
_____
```

## INTRODUCTION

Plaintiff Michael Burke ("plaintiff"and/or "Burke") brings this action pursuant to Title II of the Social Security Act ("the Act"), § 201 et. seq. (codified at 42 U.S.C. § 401 et. seq.) claiming that the Commissioner of Social Security ("Commissioner") improperly denied his application for disability benefits. Burke alleges that the decision of the Administrative Law Judge ("ALJ") who heard his case was erroneous because it was not supported by the substantial evidence contained in the record.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. The plaintiff has also moved for judgment on the pleadings.

## BACKGROUND

Plaintiff filed his application for disability insurance benefits on February 11, 2002, which was denied. Plaintiff then requested a hearing before the ALJ, which was held on June 9, 2004. The ALJ issued a decision dated July 16, 2004 finding that

plaintiff was not disabled. The Appeals Council remanded the case to the ALJ on October 15, 2004 and instructed him to obtain an additional consultative examination and testimony from a vocational expert ("VE"). A subsequent hearing was held on June 30, 2005 where plaintiff, represented by an attorney, appeared before the ALJ who considered the case *de novo* and, on September 26, 2002, found that the plaintiff was not under a disability. Also present at the hearing was plaintiff's wife and a VE, Julie Andrews. Thereafter, Burke's appeal of the ALJ's decision to the Appeals Board was denied, and on March 13, 2006, Burke filed this action.

## DISCUSSION

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983).

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that her decision is supported by the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where material facts are undisputed and where judgment on the merits is possible merely by considering the contents of pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because this Court determines that the findings of the Commissioner are supported by substantial evidence, judgment on the pleadings is hereby granted in favor of defendant. Plaintiff's motion for judgment on the pleadings is denied.

**II. The Commissioner's decision to deny Plaintiff benefits is supported by substantial evidence on the record**

The ALJ made the determination based on the evidence before him that plaintiff did not suffer from a disability under the Social Security Act. A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than

12 months ...." 42 U.S.C. § 423(d) (1991). The ALJ determined that plaintiff was not engaged in substantial gainful activity; that plaintiff's cervical and lumbar spine disorders are severe impairments; that plaintiff's conditions either individually or in combination with his other impairments did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; that plaintiff had the residual functional capacity ("RFC") for light work; that based on the testimony of the VE, plaintiff was not disabled because he could perform his past work as an expediter and could likely perform his past work as a production assembler and circuit board assembler. In the alternative, the ALJ noted that plaintiff could perform other work existing in the national economy, including the jobs of preparer, brake lining coater, and surveillance system monitor.

Plaintiff contends that the ALJ incorrectly found that plaintiff can return to his past relevant work as an expediter.[1] Plaintiff claims that his actual job duties were performed at the light or medium levels of exertion rather than at the sedentary level of the expediter DOT job title. The record reveals that plaintiff was capable of performing all work that does not include lifting over twenty five pounds and repetitive bending. (Tr. 255). Based on the record, the ALJ found plaintiff capable of performing

---

[1] Plaintiff claims that although he did work with his employer called "expediter," he never performed the expediter duties defined by the Dictionary of Occupational Titles ("DOT"). According to the DOT, an expediter performs the sedentary, clerical work of contacting shippers to ensure that merchandise is forwarded on a specified date. However, plaintiff claims that his job involved obtaining parts for assembly of circuit boards and required standing and walking a total of six hours and sitting about two hours in an eight hour workday.

light work, which requires only lifting up to 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. See 20 C.F.R. § 1467(b). Even assuming plaintiff could not return to his past relevant work as an expediter, the ALJ found alternative work existing in the national economy involving light and/or sedentary tasks that plaintiff could perform. Plaintiff argues that the ALJ incorrectly determined that plaintiff could do light and/or sedentary work such as a preparer, brake lining coater and surveillance system monitor because it is predicated on unreliable VE testimony.

A functional capacity evaluation performed in January 2001 confirms the ALJ's finding that plaintiff could return to performing light or sedentary work. The test results showed plaintiff was able to work at the sedentary-light level for an eight hour day. The opinion of examining physician Dr. Balderman further supports the ALJ's finding. He opined that plaintiff would have only mild limitations in bending, lifting, and carrying. Examination of plaintiff's cervical and thoracic spine were normal and his lumbar spine showed only a mild left sciatica. Because Dr. Balderman's findings were that plaintiff had mild limitations in bending, lifting, and carrying, nothing he stated would preclude plaintiff from performing the requirements of light work. Dr. Schwab, an examining physician, corroborated Dr. Balderman's opinion since he concluded that plaintiff had a mild restriction in bending, lifting and carrying. Dr. Schwab also noted that plaintiff was capable of occasionally lifting and carrying twenty pounds.

These opinions confirm that the ALJ's RFC finding as to plaintiff's limitations.

A functional assessment completed by Dr. Bell further supports the ALJ's RFC finding. Dr. Bell opined that plaintiff could lift and carry between 11 and 20 pounds, could lift or carry 10 pounds for up to 3 hours per day and carry less than 10 pounds between 3 to 6 hours per day. (Tr. 295) He also stated that plaintiff could push and pull for less than 2 to 3 hours per day and could stand or sit for less than one hour continuously and was required to alternate sitting and standing. Dr. Bell's opinion is consistent with the requirements of light work and consistent with the positions identified by the VE, which had a sit or stand option.

Plaintiff's treating physician, Dr. Lasser, opined that plaintiff could continuously stand for up to 3 hours, and stand for a total of up to 4 hours during an 8 hour day. Dr. Lasser indicated that plaintiff was able to lift up to 20 pounds per day, and could lift and carry 10 pounds for an extended period of time. Dr. Lasser's opinion is consistent with the positions identified by the VE, which allowed for a change of position from sitting to standing, so that plaintiff would not have to be sitting or standing for more than four hours total in an eight hour day.

In addition, the ALJ considered plaintiff's testimony and statements contained in the record regarding his limitations when determining whether plaintiff could work. (Tr. 32-38; 45-52) Plaintiff testified that he takes care of his two young children, which entails cooking for them and changing them. (Tr. 422, 430) He

also washes the dishes when he can. (Id.) Plaintiff further testified that he occasionally vacuumed and cared for a water garden. (Tr. 167) He performs 20 to 30 abdominal crunches a day and plays computer games 4 to 5 times per week. (Tr. 168) Plaintiff shopped for groceries every other week and had gone fishing 4 to 5 times a year. (Id.) In fact, plaintiff testified that none of the doctors he saw ever suggested that he was totally unable to work.[2] (Tr. 427) Plaintiff's testimony and daily activities did not support his statements regarding the severity of his symptoms. Indeed, from his own description, plaintiff leads an active life, caring for his children, cooking, gardening and exercising.

The ALJ recognized that the plaintiff did experience pain and he properly determined that his ability to work was limited, as reflected in his RFC determination. However, a determination of disability requires more than mere inability to work without pain. See Dumas v. Schweiker, 712 F.2d 1545, 1552 (2d Cir. 1983); Torres-Rosas v. Bowen, 678 F. Supp. 420, 424 (S.D.N.Y. 1987) (Individual can experience pain, and yet may not be so severely impaired as to meet stringent test for disability imposed by Act). Further, a physical therapist opined that plaintiff exaggerated his symptoms while undergoing a functional capacity evaluation. According to the therapist, plaintiff's results indicated there was a non-organic component to his medical impairment and the test results suggested poor effort and borderline invalid results. (Tr. 222)

---

[2]Plaintiff indicated that only a physician's assistant ("PA") in Dr. Lasser's office stated he could not work. (Tr. 428). The letter plaintiff refers to was signed by PA Scott Matton, yet there are no treatment notes signed by Mr. Matton and there is no evidence in the record that he ever examined plaintiff. (Tr. 305) Under the Commissioner's regulations, a PA is not an acceptable medical source for providing medical opinions. See 20 C.F.R. 404.1513(a). Dr. Lasser also informed plaintiff that with medication and P/T, he could have a somewhat normal life. (Tr. 429)

Plaintiff also contends that the ALJ incorrectly applied medical vocational guidelines 202.20 and 202.21 to find plaintiff not disabled at step five of the sequential evaluation. Plaintiff alleges that these guidelines cannot be applied unless he has the RFC to perform full range of light work. As discussed above, the ALJ concluded that plaintiff could return to performing light work or sedentary work. The ALJ correctly based his determination on the medical-vocational guidelines as well as the RFC report from Dr. Bell. Further, no doctor ever stated that plaintiff would not be able to perform light and/or sedentary work. The ALJ correctly concluded, on the basis of the VE testimony that plaintiff was not disabled because he could perform his past relevant work as an expediter, or other jobs as a preparer, brake lining coater or surveillance system monitor. (Tr. 36-37). These jobs required light and sedentary levels of physical exertion, which was within plaintiff's RFC.

## **CONCLUSION**

Because the court finds that the Commissioner's decision was made in accordance with the applicable law, and was supported by substantial evidence in the record, the court hereby grants judgment on the pleadings in favor of the defendant. Plaintiff's motion for judgment on the pleadings is denied.

ALL OF THE ABOVE IS SO ORDERED.

                                  s/Michael A. Telesca
                                    MICHAEL A. TELESCA
                               United States District Judge

Dated:    Rochester, New York
            February 16, 2007